UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

| | |
|---|---|
| SALOMAO PEREIRA FERREIRA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| BRIAR BARN INN, LLC; BRAMBLE HOSPITALITY, LLC; MELISSA THUNBERG | ) ) ) |
| | ) |
| Defendants | ) |

# COMPLAINT

## Introduction

1. This action is brought by an hourly worker of the Defendants for unlawful failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff seeks, among other forms of relief, unpaid wages, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

## Parties

2. Plaintiff Salomao Pereira Ferreira is an adult resident of Peabody, Massachusetts. He worked for Defendants in various restaurant positions at the Grove at Briar Barn Inn ("Grove") from 2020 to October 2023.

3. Defendant Briar Barn Inn, LLC is a Massachusetts limited liability company, with a principal place of business in Rowley, Massachusetts.

4. Defendant Bramble Hospitality, LLC is a Massachusetts limited liability company, with a principal place of business in Topsfield, Massachusetts.

5. On information and belief, Defendant Melissa Thunberg is an adult resident of Beverly, Massachusetts, and an employer for purposes of the FLSA. On information and belief, she is the Chief Executive Officer of Grove. Ms. Thunberg substantially or exclusively controls Grove's policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7. Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

8. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

## Facts

9. Plaintiff worked in various kitchen positions for the Defendants from 2020 to October 2023, when he was terminated.

10. Plaintiff was paid on an hourly basis, at the rate of $19.00 per hour during 2020 and 2021.

11. Plaintiff regularly worked more than 40 hours per week during 2020 and 2021.

12. The Defendants never paid Plaintiff an overtime premium for any of the hours he worked in excess of 40 each week during 2020 and 2021.

13. Instead, during 2020 and 2021, the Defendants paid Plaintiff using multiple weekly paychecks in order to unlawfully avoid paying overtime.

14. Defendants knowingly and willfully failed to pay their hourly employees overtime when those employees worked more than 40 hours per week, and Defendants knowingly suffered or permitted their hourly employees to work more than 40 hours per week.

15. Plaintiff has consented to bring and participate in this action pursuant to 29 U.S.C. § 216(b). A copy of his written consent is attached as Exhibit 1.

## COUNT I
## FAILURE TO PAY OVERTIME – FLSA

As set forth above, Defendants' knowing and willful failure to pay Plaintiff overtime wages violates the overtime provisions of 29 U.S.C. § 207(a). This claim is asserted pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. A finding that Defendants' violations were willful and knowing, and therefore subject to a three-year statute of limitations;

2. An award of damages for all wages to which Plaintiff is entitled, including liquidated damages under the FLSA;

3. Attorneys' fees, costs, and interest; and

4. Any other relief to which Plaintiff may be entitled.

SALOMAO PEREIRA FERREIRA

By his attorneys,

/s/ *Stephen S. Churchill*
Stephen S. Churchill (BBO#564158)
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-6230
steve@fairworklaw.com

Dated: November 7, 2023